**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 3 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN DOE #1; JOHN DOE #2,<br><br>    Plaintiffs-Appellees,<br><br> v.<br><br>TWITTER, INC.,<br><br>    Defendant-Appellant. | Nos. 22-15103<br><br>D.C. No. 3:21-cv-00485-JCS<br><br><br>MEMORANDUM* |
| JOHN DOE #1; JOHN DOE #2,<br><br>    Plaintiffs-Appellants,<br><br> v.<br><br>TWITTER, INC.,<br><br>    Defendant-Appellee. | No. 22-15104<br><br>D.C. No. 3:21-cv-00485-JCS |

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding

Argued and Submitted April 20, 2023
San Francisco, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: VANDYKE and SANCHEZ, Circuit Judges, and S. MURPHY,[**] District Judge.

On interlocutory cross-appeals, Plaintiffs John Doe #1 and John Doe #2 and Defendant Twitter, Inc. challenge the district court's order granting in part and denying in part Twitter's motion to dismiss the Plaintiffs' complaint. Specifically, Plaintiffs challenge the district court's dismissal of Counts 1 and 4 of their complaint. Count 1 asserts that Twitter is liable under the Trafficking Victims Protection Act (TVPRA), 18 U.S.C. §§ 1591(a)(1), 1595(a), for directly violating the TVPRA's prohibition on sex trafficking by providing, obtaining, or maintaining child sexual abuse material (CSAM) depicting them on its platform. Count 4 asserts that Twitter is liable for possessing, receiving, maintaining, and distributing child pornography depicting them in violation of 18 U.S.C. §§ 2252A, 2255. Defendant challenges the denial of its motion to dismiss Count 2 of the complaint. Count 2 asserts that Twitter is liable under the TVPRA, 18 U.S.C. §§ 1591(a)(2), 1595(a), for benefitting from third-party trafficking activities that its platform allegedly facilitated. We have jurisdiction under 28 U.S.C. § 1292(b), and we affirm the dismissal of Counts 1 and 4 and reverse the district court's denial of dismissal of Count 2. We assume familiarity with the underlying facts and arguments in these

---

[**] The Honorable Stephen Joseph Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

cross-appeals.

"We review de novo both a district court order dismissing a plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and questions of statutory interpretation." *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1096 (9th Cir. 2019). Only a complaint that states a plausible claim for relief may survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Section 230 of the Communications Decency Act states that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). Our court has held that section 230 "provides broad immunity" for claims against interactive computer service providers "for publishing content provided primarily by third parties." *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1123 (9th Cir. 2003). And "any activity that can be boiled down to deciding whether to exclude material that third parties seek to post online is perforce immune under section 230." *Fair Housing Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1170–71 (9th Cir. 2008).

The district court granted Twitter's motion for certification of an interlocutory appeal as to Count 2. Specifically, Twitter sought certification of the following two questions:

> (1) whether the immunity carve-out in Section 230(e)(5)(A) requires that a plaintiff plead a violation of Section 1591; and

(2) whether "participation in a venture" under Section 1591(a)(2) requires that a defendant have a "continuous business relationship" with the traffickers in the form of business dealings or a monetary relationship.

With respect to Count 2, the legal standard applicable to that issue has now been decided by *Jane Does 1–6 v. Reddit, Inc.*, 51 F.4th 1137 (9th Cir. 2022), *petition for cert. filed*, --- U.S.L.W. --- (U.S. Jan. 25, 2023) (No. 22-695). *Reddit* answered the first certified question in the affirmative: "[F]or a plaintiff to invoke FOSTA's immunity exception, she must plausibly allege that the website's own conduct violated section 1591." 51 F.4th at 1141. *Reddit* answered the second question in the negative: "In a sex trafficking beneficiary suit *against a defendant-website*, the most important component is the *defendant website's* own conduct—its 'participation in the venture.'" *Id.* at 1142. "A complaint against a website that merely alleges trafficking by the website's users—without the participation of the website—would not survive." *Id.* The term "'[p]articipation in a venture,' in turn, is defined as 'knowingly assisting, supporting, or facilitating' sex trafficking activities. [18 U.S.C.] § 1591(e)(4). Accordingly, establishing criminal liability requires that a defendant knowingly benefit from knowingly participating in child sex trafficking." *Id.* at 1145. *Reddit* therefore requires a more active degree of "participation in the venture" than a "continuous business relationship" between a platform and its users. Because these questions certified for interlocutory appeal

4

are controlled by *Reddit*, the district court's contrary holding is reversed.

Regarding Count 1, the district court correctly ruled that Plaintiffs failed to state a claim for direct sex trafficking liability under the TVPRA, 18 U.S.C. §§ 1591(a)(1) and 1595(a). Section 1591(a)(1) creates a direct liability claim for "[w]hoever knowingly … recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means *a person*." 18 U.S.C. § 1591(a)(1) (emphasis added).[1] Because Plaintiffs nowhere allege in their complaint that Twitter "provided," "obtained," or "maintained" *a person*, the district court correctly concluded that Twitter's alleged conduct relates only to CSAM depicting Plaintiffs, not to their persons (as required to implicate a direct violation of the TVPRA).

Finally, as to Count 4, the district court correctly ruled that section 230 precluded Plaintiffs from stating a viable claim for possession and distribution of child pornography under 18 U.S.C. §§ 2252A and 2255. Because the complaint targets "activity that can be boiled down to deciding whether to exclude material that third parties seek to post online," such activity "is perforce immune under section 230." *Roommates.Com*, 521 F.3d at 1170–71. And although section 230(e)(1)

---

[1] Plaintiffs expressly disclaimed before the district court that Twitter "advertised" them (or CSAM content depicting them) in violation of section 1591(a)(1), so they are estopped from alleging to the contrary on appeal. *See United States v. Ibrahim*, 522 F.3d 1003, 1009 (9th Cir. 2008).

exempts from immunity the enforcement of criminal laws under Chapter 110 of Title 18 (which contains sections 2252A and 2255), our court has "consistently held that § 230(e)(1)'s limitation on § 230 immunity extends only to criminal prosecutions, and not to civil actions based on criminal statutes." *Gonzalez v. Google, LLC*, 2 F.4th 871, 890 (9th Cir. 2021), *cert. granted*, 143 S. Ct. 80–81 (Mem) (U.S. Oct 3, 2022) (Nos. 21-1333, 21-1496).[2]

Accordingly, the district court's order is **AFFIRMED** as to Counts 1 and 4, but because the holding of the district court regarding Count 2 is contrary to our court's *Reddit* decision, the order is **REVERSED** with respect to Count 2 and **REMANDED** for further proceedings to be conducted in a manner consistent with this court's *Reddit* decision.

---

[2] We recognize that a petition for certiorari in *Reddit* is pending, and that the Supreme Court also has before it two related cases, the disposition of which could affect our court's *Reddit* precedent. *See Gonzalez v. Google LLC*, No. 21-1333 (argued Feb. 21, 2023), and *Twitter, Inc. v. Taamneh*, No. 21-1496 (argued Feb. 22, 2023). To the extent developments in any of those cases might affect our court's holding in *Reddit*, the district court is well-equipped to address such arguments in the first instance.